UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARTIN SZCZUBLEWSKI,

                                    Plaintiff,

    v.                                                                          Civil Action No. _____

---

PNR SERVICES, LLC.,

                                    Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Martin Szczublewski is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, PNR Services, LLC., (hereinafter "PNR") is a foreign business corporation organized and existing under the laws of the State of Arizona and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8.  All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9.  That upon information and belief, Plaintiff does not owe any debt.

10. That upon information and belief, a Michelle Fox, Plaintiff's ex-wife, owes a debt. This debt will be referred to as the "subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Michelle Fox does not live with Plaintiff nor do they share a telephone number.

13. That upon information and belief, Defendant was employed to collect on the subject debt.

14. That in or about summer of 2019, Plaintiff received a call from the Defendant. Plaintiff heard a pre-recorded message from Defendant stating they were attempting to deliver documents to him. The message stated to press #1 to speak with a representative, which the Plaintiff did. A representative of the Defendant then came on the line and asked to speak with Michelle Fox. Plaintiff told the Defendant that they had the wrong number and to not call his number looking for his ex-wife.

15. Despite Plaintiff informing Defendant that they have the wrong number, Defendant continued to contact Plaintiff as recently as November of 2019.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A.  Defendant violated 15 U.S.C. §1692b(3) and 15 U.S.C. §1692d(5)  by continuing to call the Plaintiff after they were informed they had the wrong number for the debtor and were told to stop calling the Plaintiff's number as it was not a good contact number for the debtor.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 15, 2020

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
        khiller@kennethhiller.com